Santos Buxó, Jr., Plaintiff and Appellee-Appellant, *v.* Emigdio Osvaldo Sellés Roldán et al., Defendants and Appellants-Appellees.

No. 6683. Argued November 6, 1934.—Decided July 11, 1935.

*González Fagundo & González, Jr.,* for appellants-appellees. *Burset & Pérez Pimentel* and *Lucas F. Serbiá Córdova* for appellee-appellant.

Mr. Justice Wolf delivered the opinion of the court.

On the 13th of March 1934, the District Court of Humacao rendered the following judgment:

"The complaint in this case is based on a contract of lease of a certain building used as a bakery. The non-payment of several monthly rentals is alleged, and judgment is prayed for the amount thereof against the lessees. The latter answered and alleged that they had asked for a rescission of the contract by reason of the destruction of the thing leased, of which they claim they never had possession at any time. The case was set for trial on December 19, 1933. The setting was duly notified to counsel for the parties. The trial was held in the absence of the defendants, who did not appear. The plaintiff introduced oral and documentary evidence and from an examination and consideration thereof the Court reaches the conclusion that it must render and does hereby render judgment in favor of the plaintiff, adjudging the defendants to pay to the plaintiff the sum of $800 together with the costs of the action herein."

As the recital shows, the trial took place with the defendants absent. Although they made a preliminary motion, they did not appear on the day set for its discussion. The trial took place on the 19th of December 1933, and, of course,

the court only heard the evidence of the plaintiff. This was taken down by the official stenographer. The latter died on the 19th of February 1934, possibly without having reproduced his notes; but it is somewhat significant that the court rendered its judgment thereafter. The defendants were seemingly unaware of the death of the stenographer and remained unaware in various proceedings in this court with respect to the appeal,. including a motion to give them an opportunity to obtain in the court below the privilege of tendering either a statement of the case or a transcript of the evidence. In any event defendants, after the appeal and the notice thereof, took no steps looking to an incorporation of the evidence. They prayed no time therefor in the court below.

While the appeal from the judgment was pending in this court now counsel entered the case. They successfully resisted two motions to dismiss. It was when the second motion was pending that appellants asked leave to tender the statement of the case or the transcript of the evidence. This court rendered its order overruling the second motion to dismiss and for leave to file on July 26, 1934. Before that time and while their motion for a new term was pending in this court appellants, on June 4, 1934, presented a motion for a new trial in the district court, but did not abandon in this court their motion for a new term.

The motion for a new trial in the lower court was based on the death of the stenographer and on the impossibility of reproducing the notes. From the order granting the motion the present appeal is taken.

██ Now, we do not know when new counsel first for the purposes of appeal became aware of the death of the official stenographer. If, however, after the appeal from the judgment their predecessors had moved in time in preparation for the incorporation of the evidence, they would have ascertained the death of the said stenographer. Then perhaps something might have been done to reproduce the notes

or to have prepared a statement. The judge who tried the case was not the one who granted the motion for a new trial. It was a substitute judge.

On a due showing of the impossibility of reproducing the stenographer's notes we should ordinarily not interfere with the discretion of the court below in granting a new trial. *Sánchez* v. *Vizcarrondo,* 45 P.R.R. 64; *Amaral* v. *Gerena,* 46 P.R.R. 710.

We are not satisfied with the impossibility of reproducing the facts that developed at the trial. We think that the delays were unusual as insisted upon by the appellant, and we do not think that the defendants have sufficiently shown a meritorious defense.

The judge who heard the case very possibly might have denied the motion for a new trial. From his notes or his memory with the aid of counsel for plaintiff, the secretary, or even others, the judge might have reconstructed a statement of the case.

The notes, it is true, are usually necessary, but the trial judge either had them or did not need them. The ultimate facts might have been extremely simple. The possibility that they were simple is not excluded by the affidavits in this record, nor yet the possibility that the evidence might have been readily incorporated by an approach to the judge who tried the case.

As we have said, the delays and failure to move within the statutory time for an incorporation are extraordinary features in this appeal. The delays are chargeable to the client, however diligent present counsel may have been.

The affidavit of merits presented was totally unsatisfactory. The judge who presided at the trial might have denied the motion on this ground.

We think this is a case of an undue use of discretion or an abuse, as it is termed. The order should be reversed and the motion for a new trial overruled.